UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ZDZISLAW B. KWIATKOWSKI,

                Plaintiff,

                                                                     ORDER
                                                                    11-CV-3947 (JG)(CLP)

     - against -

POLISH & SLAVIC FEDERAL CREDIT
UNION & ITS BOARD OF DIRECTORS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOHN GLEESON, United States District Judge:

        Zdzislaw Kwiatkowski, proceeding *pro se*, petitions for me to recuse myself from adjudicating the above-captioned matter.[1] Kwiatkowski has had two cases before me in the past. *See Kwiatkowski v. J.P. Morgan Chase & Co.*, Docket No. 01-CV-7471; *Kwiatkowski v. J.P. Morgan Chase & Co.*, Docket No. 02-CV-824. Both cases were dismissed on summary judgment, and the Second Circuit affirmed both dismissals. *Kwiatkowski v. J.P. Morgan Chase & Co.*, 96 Fed. Appx. 789 (2d Cir. 2004); *Kwiatkowski v. J.P. Morgan Chase & Co.*, 112 Fed. Appx. 797 (2d Cir. 2004). When Kwiatkowski filed the instant case, it was deemed related to his prior cases pursuant to Local Rule 13(a), and was assigned to me. Kwiatkowski now argues that my "prior unethical and/or illegal conduct or conduct which gives Plaintiff good reason to believe [that I] cannot hear the above case in a fair and impartial manner" -- meaning my dismissal of his earlier cases -- requires my recusal from this matter. Mot. at 1.

---

[1] Kwiatkowski also petitions for Judge Mauskopf's recusal, should I decide to request that his case be reassigned and the case thereafter be randomly reassigned to her. Because I decline to recuse myself from this case, I do not address this portion of his petition.

DISCUSSION

A judge must recuse himself from any case in which he has "a personal bias or prejudice" against or in favor of one or more of the parties. 28 U.S.C. § 144; *see also* 28 U.S.C. § 455(b)(1) (requiring recusal where a judge has "a personal bias or prejudice concerning a party"). A determination regarding such personal bias or prejudice should generally be made "on the basis of conduct extrajudicial in nature as distinguished from conduct within a judicial context." *In re IBM Corp.*, 618 F.2d 923, 928 (2d Cir. 1980). Where a ruling alleged to have been the result of or to have given rise to bias is based upon facts that have come to the court's attention through the normal judicial process, that ruling is generally insufficient to warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.*

A judge must also disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455(a). Under this statute, a judge should recuse himself if "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 2007). This determination is committed to the sound discretion of the judge whose recusal is sought. *See United States v. Diaz*, 176 F.3d 52, 112 (2d Cir. 1999). Here, too, a judicial ruling is "almost never" sufficient to merit recusal. *Liteky*, 510 U.S. at 555; s*ee United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992) ("[E]arlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality.").

Kwiatkowski argues that my "arbitrary application of unconstitutional theories" that led to the dismissal of his 2001 and 2002 cases "violated Amendment VII and Plaintiff's

legal rights." Mem. at 1. He further argues that my decision "strongly favored rich Defendants, who prefer litigation to innovation and jobs creation." Mem. at 2. He therefore fears that I "would act [in his current case] to protect [my] previous unlawful decisions." Mem. at 3.

The earlier actions were dismissed because, based upon the facts and argument presented by both sides in their briefing and at oral argument, I determined that Kwiatkowski could not prevail at trial. No extrajudicial factors led to that determination. Moreover, both dismissals were affirmed by the Court of Appeals, against which Kwiatkowski does not allege any form of bias. *See Kwiatkowski v. J.P. Morgan Chase & Co.*, 96 Fed. Appx. 789; *Kwiatkowski v. J.P. Morgan Chase & Co.*, 112 Fed. Appx. 797. Under *Liteky*, the earlier dismissals alone, which were based upon the record in each case, are not sufficient to warrant my recusal. *See Liteky*, 510 U.S. at 554-56; *Diaz*, 176 F.3d at 111-13 (judge who had previously imposed 15-year sentence on defendant was not required to recuse himself from resentencing on remand). I therefore decline to recuse myself from this case.

## CONCLUSION

The motion for recusal is denied.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: September 1, 2011
     Brooklyn, New York

3